UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GILBERT M. MARTINEZ,

                Plaintiff,                          **MEMORANDUM AND ORDER**

  -against-                                           13-CV-3392 (RRM)

HONORABLE ANTHONY CANNATARO
and GLORIA P. MARGARY,

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge:

      *Pro se* plaintiff Gilbert M. Martinez filed the above-captioned action on June 11, 2013, ostensibly as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The submission purports to challenge a child custody determination pursuant to New York Domestic Relations Law § 70(a).[2] Because the Court lacks jurisdiction to grant the requested relief, the petition is hereby dismissed.

## BACKGROUND

      In his petition, plaintiff alleges a number of jurisdictional and due process violations related to family court proceedings in Pennsylvania and New York. (*See* Pet. (Doc. No. 1) at 2–4 (ECF Pagination).) Specifically, plaintiff alleges that "[o]n May 28, 2013, [defendant Anthony Cannataro, a judge in the Kings County Family Court] knowing [he] lacked subject matter and personal Jurisdiction, issued a final judgment for menacing in the Second Degree and ordered a restraining order for six months for a family offense which was alleged to have occurred in

---

[1] Plaintiff paid the $5 filing fee.

[2] That state law provision provides that "either parent may apply to the supreme court for a writ of habeas corpus to have such minor child brought before such court." N.Y. Domestic Relations Law § 70(a). This state statute providing access to the New York State Supreme Court confers no jurisdiction on federal courts.

November 2010 in the State of Pennsylvania." (Pet. at 2.) Plaintiff also alleges that "[o]n or about April 25, 2013 [he] was jailed by [the defendant the Hon. Anthony Cannataro] so his witnesses could not be heard an [sic] so the court could try to retrieve the defendants attorneys response to plaintiffs motion to dismiss . . . ." (Pet. at 4.) As relief, plaintiff asks this Court to: 1) "determine which State has Jurisdiction" as it relates to the family court proceedings; 2) "vacat[e] the Restraining order"; 3) "order[] immediate visitation with his son and to bring the child to court on return date" and; 4) "grant[] plaintiff a trial For his Family Offense petition, to be heard in the Federal Court . . . ." (Pet. at 4.)

## DISCUSSION

This Court has no jurisdiction over Martinez's claims and cannot grant the relief he seeks through a petition pursuant to 28 U.S.C. § 2254. Title 28 of the United States Code, Section 2254, authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Here, Martinez has not alleged that he is currently being held in unlawful custody nor does he challenge a state conviction or sentence. Instead, he appears to challenge ongoing proceedings in New York State Family Court, a claim which falls outside the ambit of 28 U.S.C. § 2254. Accordingly, plaintiff's petition, brought pursuant to 28 U.S.C. § 2254, is dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Peters v. New York*, 308 F. App'x 565 (2d Cir. 2009) (noting that petitioner was not "entitled to habeas relief under 28 U.S.C. § 2254 because he was not 'in custody' within the meaning of the statute at the time he filed his petition."); *Newman v. Attorney*

*Gen. of N.Y.*, No. 08-cv-3183, 2009 WL 2707414, at *2 (E.D.N.Y. Aug. 20, 2009) (dismissing petition for lack of subject matter jurisdiction since was no longer in custody when he filed his petition).

Even if the Court were to construe plaintiff's petition as a civil complaint, rather than a habeas petition, the Court would still not have jurisdiction over his claims related to the Family Court proceedings. Federal courts are specifically excluded from exercising jurisdiction over child custody and other domestic relations issues. As the Court previously explained in its December 26, 2012 Order in *Martinez v. Queens County District Attorney et al.*, No. 12-cv-6262 (E.D.N.Y. 2012), a pending case where plaintiff has asserted substantially the same claims against the same defendants, it is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593–94 (1890). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 12–13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). "The Second Circuit has held that this exception 'includes civil rights actions directed at challenging the results of domestic relations proceedings.'" *Fischer v. Clark*, No. 08-cv-3807, 2009 WL 3063313, at *2 (E.D.N.Y. Sept. 24, 2009) (quoting *Mitchell-Angel v. Cronin*, No. 95-cv-7937, 1996 WL 107300, at *2 (2d Cir. Mar. 8, 1996)).

All of plaintiff's claims against defendants Cannataro and Margary concern the ongoing custody proceedings in family court. As relief, plaintiff asks the Court to intervene in the family court proceedings and enter a child visitation decree. This is precisely the type of claim that is

barred by the domestic relations exception to the jurisdiction of the federal courts. As this Court would have no jurisdiction over these claims, a civil action raising these claims would also be dismissed. *See, e.g.*, *Schottel v. Kutyba*, No. 06-1577-cv, 2009 WL 230106 (2d Cir. Feb. 2, 2009); *Donahue v. Pataki*, 28 F. App'x 59 (2d Cir. 2002); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 516–17 (E.D.N.Y. 2010).

## CONCLUSION

Martinez's purported petition pursuant to 28 U.S.C. § 2254 and his claims related to family court proceedings are hereby dismissed for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from the Court's order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail to plaintiff a copy of this Memorandum and Order and the accompanying judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      September 24, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge